

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 21, 1969

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas   78711

Dear Dr. Edgar:

Opinion No. M-342

Re:  Authority of school dis-
tricts adopting the pro-
visions of Article 2891-50,
Vernon's Civil Statutes,
to establish mandatory
retirement age for teachers
employed by the school
district.

You have requested the opinion of this office on the
following questions:

"1.  Does a school district board which
adopts Article 2891-50 (the continuing con-
tract law) have authority to set a mandatory
retirement age for its employees; can such
age be under sixty-five?

"2.  Assuming the district by policy
legally may set mandatory retirement at
age sixty-five, and does:  May such a per-
son at age sixty-five (where local policy
permits) on invitation be employed there-
after on one-year contract(s) basis; viz.,
in lieu of a continuing contract basis?

"3.  May the age of retirement policy
vary at the option of the school board with-
out affording the hearing and having specific
reasons, as outlined in Sections 6 and 7,
Article 2891-50?"

These questions have been prompted by the fact that
the Birdville Independent School District has recently elected
to follow the procedures prescribed by Article 2891-50, Vernon's

- 1686 -

Civil Statutes, for the employment of its teacher personnel. The previous teacher employment policy of the District proceeded in three stages. The first stage consisted of a series of one year contracts for the first three years of employment. This was followed by a two year contract and thereafter the teacher was employed under a five year contract until the age of sixty-five. All teacher contracts were terminated with the close of the regular school term in which the teacher reached the age of sixty-five.

The provisions of Article 2891-50 establish a system whereby, after an initial probationary period, teachers engaged in classroom instruction of academic subjects are given tenure in their employment by a school district. While it is not mandatory that all school districts follow this plan, once the school district has adopted Article 2891-50, it is mandatory that the district's teacher employment policy conform to the statute. Attorney General's Opinion M-123 (1967). Under the system established by Article 2891-50, a teacher may be employed by a school district under a probationary contract for a sixth term not exceeding three school years. The probationary contract period may not be extended beyond the end of the third consecutive school year of the teacher's employment unless the school board determines that it is in doubt whether the particular teacher should be given a continuing contract, in which event such teacher may be employed for one additional school year under a probationary contract. At the end of the probationary contract period the teacher's employment by the district must either be terminated or he must be reemployed under a continuing contract.

Once a teacher has been employed under a continuing contract, the provisions of Article 2891-50 are explicit with regard to the reasons for which he or she may be discharged or returned to probationary status. We quote the relevant portions of the Act as follows:

". . .Each teacher with whom a continuing contract has been made as herein provided shall be entitled to continue in his position or a position as defined in Subsection (c), Section 1, with the school district at a salary authorized by the board of trustees of said district complying with the minimum salary provisions of the foundation aid law, for future school years, without the necessity for annual nomination or reappointment, until such time as the person:

"(1) resigns, or retires under the Teacher Retirement System,

"(2) is released from employment by the school district at the end of a school year because of necessary reduction of personnel as herein defined;

"(3) is discharged for lawful cause, as defined in Section 5 below, and in accordance with the procedures hereinafter provided;

"(4) is dismissed at the end of a school year for any reason as set out in Section 6, and pursuant to the procedures hereinafter provided in such cases; or

"(5) is returned to probationary status, as authorized in Section 6 of this Act.

" . . . "

"Sec. 5. Any teacher, whether employed under a probationary contract, or under a continuing contract, may be discharged during the school year, for one or more of the following reasons, which shall constitute lawful cause for discharge, viz.: immorality; conviction of any felony or other crime involving moral turpitude; drunkenness; repeated failure to comply with official directives and established school board policy; physical or mental incapacity preventing performance of the contract of employment; and repeated and continuing neglect of duties.

"Sec. 6. Any teacher employed under a continuing contract may be released at the end of any school year and his employment with the school district terminated at that time, or he may be returned to probationary contract employment for not exceeding the three (3) succeeding school years, upon notice and hearing (if requested) as hereinafter provided, for any reason enumerated in Section 5 above or for any of the following additional reasons:

"(a) inefficiency or incompetency in performance of duties;

"(b) failure to comply with such reasonable requirements as the board of trustees of the employing school district may prescribe for achieving professional improvement and growth;

"(c) willful failure to pay debts;

"(d) habitual use of addictive drugs or hallucinogens;

"(e) excessive use of alcoholic beverages; or

"(f) necessary reduction of personnel by the school district (Such reductions shall be made in the reverse order of seniority in the specific teaching fields.);

"(g) for good cause as determined by the local school board, good cause being the failure of a teacher to meet the accepted standards of conduct for the profession as generally recognized and applied in similarly situated school districts throughout Texas."

The foregoing language of the statute is clear and unambiguous. It sets forth the exclusive methods and reasons for either the dismissal or return to probationary status of a teacher who is on a continuing contract of employment. We find neither express nor implied authority for a school district operating under Article 2891-50 to terminate the employment of a teacher employed under a continuing contract solely on the basis of the teacher's age. Cf. State ex rel. Bishop v. Board of Education of Mt. Orob Village School District, 45 N.E.2d 913 (Ohio, 1942).

Article 6252-14, Vernon's Civil Statutes, prohibiting the establishment of a maximum age under sixty-five years for employment, does not apply to school districts which adopt Article 2891-50, since under our foregoing statutory construction the latter statute, when adopted, is exclusive and mandatory. Such school districts are without authority to promulgate rules restricting the statutory rights and plans set out in that statute.

Therefore, in answer to your first question, it is our opinion that a school district which is operating under the

provisions of Article 2891-50, Vernon's Civil Statutes, does not have authority to set a mandatory retirement age for its teacher employees.

In view of our answer to your first question, it is unnecessary for us to answer your second or third questions.

### S U M M A R Y

A school district which has adopted and operates under the provisions of Article 2891-50, Vernon's Civil Statutes, does not have authority to set a mandatory retirement age for its teacher employees.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. O. Shultz
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Malcolm Quick
Sally Phillips
Rex White
Ralph Rash

W. V. GEPPERT
Staff Legal Assistant